IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Edward Hamilton, | ) | Case No. 2:17-cv-921-MBS-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Ninth Judicial Circuit Court | ) | |
| of Charleston County, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

Plaintiff has filed a civil action pursuant to 42 U.S.C. § 1983, complaining of the pending state criminal prosecution against him. Plaintiff is a pretrial detainee at the Charleston County Detention Center located in North Charleston, South Carolina. Plaintiff is proceeding *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2) (D.S.C.), the United States Magistrate Judge is authorized to review the case initially and to submit findings and recommendations to the United States District Judge. After careful review, the Magistrate Judge recommends that the Complaint (DE# 1 and 1-2)[1] should be **summarily dismissed**, without prejudice, and without issuance and service of process, for the following reasons:

I. **The Present Lawsuit**

Plaintiff is a pretrial detainee with currently pending state criminal charges. See Charleston County Court of Common Pleas, Case No. 2016-A-1010204450, Indictment No. 2017-GS-

---

[1] Plaintiff initially filed a hand-written complaint (DE# 1). This Court issued a proper form Order directing Plaintiff to complete and submit a pre-printed prisoner complaint form. Plaintiff did so on April 24, 2017. (DE#1-2). For simplicity's sake, the two documents will be considered together and referred to as the "Complaint."

1000154.[2] Plaintiff indicates that on September 22, 2016, law enforcement officers and/or agents "came in the yard and drew guns and told me to put my hands up." (DE# 1-2 at 5). According to Plaintiff, he asked about a search warrant, but the police allegedly told him it was "not ready yet." (*Id*.). Plaintiff contends that officers then searched his residence on John's Island, South Carolina, without a search warrant. He complains that they broke the door and window, causing approximately $550 in damage. (*Id*. at 6). Plaintiff was arrested on September 23, 2017 and detained at the Charleston County Detention Center.

On April 10, 2017, Plaintiff filed the present action in federal court under 42 U.S.C. § 1983, suing the Ninth Judicial Circuit Court of Charleston County as sole defendant. Plaintiff complains that the state court has not granted his speedy trial motion. (DE# 1). A state records check reflects that Plaintiff filed a motion for speedy trial on January 5, 2017, and again on April 21, 2017.[3] Plaintiff also filed on April 17, 2017 a motion to proceed *pro se* in state court. In the present action, Plaintiff asks this federal court to order the state court to dismiss the pending state criminal charges and to immediately release him from detention. Plaintiff also demands that the state court pay him monetary damages for every day of his detention, but does not indicate any specific amount of damages.

## II. Relevant Law

### A. Standard of Review

Under established local procedure in this judicial district, the Magistrate Judge has carefully reviewed this *pro se* prisoner complaint pursuant to 28 U.S.C. § 1915 and in light of the

---

[2] Although Plaintiff does not specify the nature of the charges against him, public records in the Charleston County Public Index list the charge description as "0186-Drugs / Manuf., poss. of other sub. in Sch. I,II,III or flunitrazepam or analogue, w.i.t.d. - 1st offense." See http://jcmsweb.charlestoncounty.org/PublicIndex/CaseDetails. Site checked on May 2, 2017.

[3] See http://jcmsweb.charlestoncounty.org/PublicIndex/CaseDetails.

following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

As the *pro se* Plaintiff is proceeding *in forma pauperis*, 28 U.S.C. § 1915 applies to this case. Such statute permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the action. To protect against possible abuses of this privilege, the statute allows the court to dismiss the case upon finding that the case is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* "at any time" under 28 U.S.C. §1915(e)(2)(B). *Neitzke*, 490 U.S. at 319. The statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits." *Id*. at 326. The Prison Litigation Reform Act ("PLRA") also provides for the screening of complaints "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

*Pro se* pleadings are given liberal construction and are held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). However, "[t]he 'special judicial solicitude' with which a district court should view ... *pro se* filings does not transform the court into an advocate. *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012), *cert. denied*, 133 S.Ct. 2401 (2013). Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dept. of Soc. Servs., City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990). Giving "liberal

construction" does not mean that the Court can ignore a prisoner's clear failure to allege facts that set forth a cognizable claim. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

### B. The PLRA's 3-Strike Provision

The PLRA, at 28 U.S.C. § 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*See also McLean v. United States*, 566 F.3d 391, 404 (4th Cir. 2009). "[I]f a prisoner has already had three cases dismissed as frivolous, malicious, or for failure to state a claim for which relief may be granted, the prisoner generally may not proceed IFP but rather must pay up-front all filing fees for his subsequent suits." *Blakely v. Wards*, 738 F.3d 607, 609 (4th Cir. 2013), as amended (Oct. 22, 2013). This means that, after receiving three strikes, the Plaintiff will have to pay the full filing fee for almost any future non-habeas civil action he might wish to file. *Id*. at 610. Therefore, the Plaintiff is warned that if he continues to file civil actions that are frivolous, malicious, or fail to state a claim for which relief may be granted, he risks the accumulation of three strikes against him and the resulting denial of future requests for *in forma pauperis* status, absent exceptional circumstances.

## III. Discussion

Review of the present Complaint reflects multiple reasons why summary dismissal is appropriate.

### A. Abstention Under *Younger v. Harris*

Review of the Amended Complaint reflects that Plaintiff seeks to interfere with his pending state prosecution. He contends that the state court has not granted his speedy trial motion(s), and therefore, he demands release from custody and monetary damages for his detention. However, the United States Supreme Court has repeatedly emphasized the "fundamental policy against federal interference with state criminal prosecutions." *Younger v. Harris*, 401 U.S. 37, 44 (1971); *see also Middlesex Cty. Ethics Commission v. Garden State Bar Assoc.*, 457 U.S. 423, 431 (1982) (reiterating that federal courts should abstain from interfering with ongoing state proceedings).

Abstention is appropriate when: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Commission on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex Cty. Ethics Comm'n*, 457 U.S. at 432).

The Complaint indicates that state criminal charges are currently pending against Plaintiff, so the first criteria (i.e. an ongoing state prosecution) is satisfied. The United States Supreme Court has addressed the second criteria, explaining that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986).

As for the third criteria, Plaintiff appears to be alleging that his Fourth Amendment rights were violated by a warrantless search and that the state court has not granted his speedy trial motions. Courts have repeatedly held that "ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Gilliam v. Foster*, 75 F.3d 881, 904 (4th Cir. 1996), *cert. denied*, 517 U.S. 1220 (1996) (quoting *Kugler v.*

*Helfant*, 421 U.S. 117, 124 (1975)). In the ongoing state prosecution, Plaintiff will have a sufficient opportunity to raise the issue of alleged violation of his Fourth Amendment rights by bringing an appropriate motion challenging the validity of the search. If he believes the state court has not properly decided his speedy trial motion, he may pursue an appeal or other remedies in state court. *See Tyler v. South Carolina,* Case No. 9:12–260–RMG–BM, 2012 WL 988601 (D.S.C. Feb. 22, 2012), *adopted by*, 2012 WL 988596 (D.S.C. Mar. 22, 2012) (dismissing pretrial detainee's allegation of "speedy trial not given").

Plaintiff's Complaint does not indicate any extraordinary circumstances that would permit this federal court to interfere with Plaintiff's pending state prosecution. *See, e.g., Gray v. Lancaster Cty. Sheriff's Dept.*, Case No. 08–4097–HFF–JRM, 2008 WL 4441937, *1-2 (D.S.C. Sept. 29, 2008) ("the *Younger* doctrine prevents the Court from interfering with pending state criminal proceedings absent extraordinary circumstances"); *VanDerHorst v. Egger,* Case No. 0:10–1537–SB–PJG, 2010 WL 3399165, *3-4 (D.S.C. July 2, 2010), *adopted by* 2010 WL 3399162 (D.S.C. Aug. 25, 2010) (same, summarily dismissing).

### B. 11th Amendment Sovereign Immunity

Plaintiff is attempting to obtain monetary damages from a Defendant protected by sovereign immunity. Although Plaintiff sues the Ninth Judicial Circuit Court of Charleston County, such Defendant is immune from such relief under the Eleventh Amendment of the United States Constitution. The Eleventh Amendment provides that, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment bars suits against a State brought in federal court by a state's own citizens or citizens of other states. *Edelman v. Jordan*, 415 U.S.

651, 662–63 (1974); *Litman v. George Mason Univ.*, 186 F.3d 544, 549 (4th Cir. 1999), *cert. denied*, 528 U,S, 1181 (2000); *Darling v. Falls*, --- F.Supp.3d ---, 2017 WL 664037, *8 (M.D.N.C. Feb. 17, 2017).

Sovereign immunity protects the State itself, as well as its agencies, divisions, departments, officials, and other "arms of the State." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989); *Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996). Eleventh Amendment immunity extends to the state courts. *See Curry v. South Carolina*, Case No. 2:07-599–PMD-GCK, 518 F.Supp.2d 661 (D.S.C. 2007) (dismissing *pro se* plaintiff's suit against state court based on Eleventh Amendment immunity); *Singleton v. 10 Unidentified U.S. Marshals*, No. 2:11–1811–TLW–JDA, 2011 WL 4970779, n.16 (Sept. 1, 2011) (holding that South Carolina state court is entitled to Eleventh Amendment Immunity from federal lawsuits), *adopted*, 2011 WL 5005271 (D.S.C. Oct.19, 2011); *Brown v. Tunstall*, No. 9:07–603–JFA-GCK, 2007 WL 1306746, *2 (D.S.C. May 3, 2007) (same). Plaintiff may not obtain monetary damages from the state court. Summary dismissal is appropriate.

### C. **Failure to State a Claim under 42 U.S.C. § 1983**

To state a § 1983 claim, a plaintiff must allege facts indicating: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The United States Supreme Court has repeatedly instructed that a complaint "must plead facts sufficient to show that [a] claim has substantive plausibility." *Johnson v. City of Shelby*, 135 S.Ct. 346 (2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676–77 (2009)). Plaintiff's Complaint fails on both elements.

In the first place, a state court is an agency of the state and is not a "person" for purposes of 42 U.S.C. § 1983. *Will*, 491 U.S. at 64–65. Secondly, although Plaintiff complains that the state court did not grant his motion(s) for speedy trial, such statement is conclusory. Plaintiff does not allege or explain how his right to speedy trial has purportedly been violated. The United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a plausible claim. *Iqbal*, 556 U.S. at 677–79; *Bell Atlantic Corp.*, 550 U.S. at 555. The Complaint does not indicate if or why the state court denied the motion. Plaintiff provides no facts indicating why he believes he is entitled to any relief. On the record before this Court, Plaintiff's Complaint fails to state any claim for violation of his right to a speedy trial. Summary dismissal is appropriate.

### D. Requested Relief is Unavailable

Although Plaintiff demands release from detention, he may not obtain release by means of an action pursuant to 42 U.S.C. § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *Griffin v. Baltimore Police Dept.*, 804 F.3d 692, 695 (4th Cir. 2015) (reiterating that habeas corpus, not § 1983, is the exclusive federal remedy for state prisoners seeking release from confinement). Release from detention is simply not an available remedy in a § 1983 action. *See, e.g., Cole v. White*, Case No. 2:16-cv-3548-RMG-MGB, 2017 WL 746385, *4 (D.S.C. February 2, 2017) ("Plaintiff cannot sue the Defendants based on their involvement in his prosecution and conviction in an attempt to obtain release from prison."), *adopted by*, 2017 WL 748979 (D.S.C., Feb. 24, 2017); *Deleston v. U.S. Dept. of Justice*, 2010 WL 6872294, *3 (D.S.C. March 15, 2010) (summarily dismissing where

plaintiff sought release from prison), *adopted by,* 2011 WL 269317 (D.S.C. July 11, 2011), *aff'd by*, 451 F.App'x 285 (4th Cir. Oct. 21, 2011).

Monetary damages for allegedly unconstitutional imprisonment are also unavailable in this § 1983 action. Plaintiff has not even gone to trial on his pending criminal charges, much less been convicted. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court explained:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486-87. Plaintiff cannot show that his conviction or sentence has been invalidated or called into question. *Id.* Therefore, the present case is subject to summary dismissal.

## IV. Conclusion

In sum, the Complaint is subject to summary dismissal because it: 1) attempts to interfere with a pending state prosecution, which is barred by *Younger v. Harris*; 2) attempts to sue a state court protected by Eleventh Amendment immunity; 3) fails to state a claim under §1983; and 4) seeks forms of relief (monetary damages and release from custody) that are not available in this § 1983 action.[4] Because the Complaint "fails to state a claim on which relief may be granted" and

---

[4] Plaintiff's failure to comply with this Court's proper form orders provides an additional reason for dismissal of this action. Despite issuance of two such orders (DE# 5, 9), Plaintiff has still not fully complied with the Court's instructions, which directed in plain language that Plaintiff should completely fill out and submit service documents. Plaintiff submitted incomplete service documents. (DE#7, 12). The latest summons lacks a proper address, and the

"seeks monetary relief against a defendant who is immune from such relief," Plaintiff's Complaint is subject to summary dismissal. See 28 U.S.C. §1915(e)(2)(B).

Accordingly, the Magistrate Judge recommends that the Complaint (DE# 1) should be **summarily dismissed**, without prejudice, and without issuance and service of process.

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

May 3, 2017
Charleston, South Carolina

Plaintiff's attention is directed to the **Important Warning** on the following page:

---

USM form has an incorrect address, lists the wrong number of parties to be served, and is signed by someone other than Plaintiff, i.e. under the name "Rose Wine." (DE#12).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).