IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Edward Hamilton, | ) |
| | ) C/A No. 2:17-0921-MBS |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **OPINION AND ORDER** |
| Ninth Judicial Circuit Court of Charleston County, | ) |
| | ) |
| Defendant. | ) |

Plaintiff Edward Hamilton, proceeding pro se and in forma pauperis, filed a complaint on April 10, 2017, alleging that he was arrested and his residence was searched without a warrant. Plaintiff contends he has been in custody since September 22, 2016 and that his constitutional right to a speedy trial has been violated. Plaintiff brings this action pursuant to 42 U.S.C. § 1983, seeking immediate release from detention as well as money damages.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Mary Gordon Baker for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the provisions of 28 U.S.C. § 1915. On May 3, 2017, the Magistrate Judge issued a Report and Recommendation in which she determined that the court should abstain from considering Plaintiff's claims under Younger v. Harris, 401, U.S. 37, 43-44 (1971), which provides that the federal court should not interfere with state criminal proceedings except in extraordinary circumstances not present here. The Magistrate Judge further noted that Defendant is entitled to Eleventh Amendment immunity with respect to Plaintiff's claims for money damages. The Magistrate Judge additionally found that Plaintiff failed to state a claim for relief because Defendant is not a "person" for purposes of § 1983 and because Plaintiff's allegations are

conclusory.  The Magistrate Judge observed that Plaintiff's demand for release is not cognizable under § 1983, but must be raised pursuant to a writ of habeas corpus.  Finally, the Magistrate Judge determined that Plaintiff's claim for money damages is barred by Heck v. Humphrey, 512 U.S. 477 (1994).  Accordingly, the Magistrate Judge recommended that the within action be summarily dismissed without prejudice and without issuance and service of process.  Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976).  This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions.  Id.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record.  The court concurs in the Report and Recommendation and incorporates it herein by reference. Plaintiff's complaint is summarily dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina
May 30, 2017

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**